# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: April 27, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| MARIE SCUTT, | * | UNPUBLISHED |
| | * | No. 16-1599V |
| Petitioner, | * | Special Master Horner |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

David B. Turret, Sanocki Newman & Turret, LLP, New York, NY, for Petitioner.
Heather L. Pearlman, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 2, 2016, Marie Scutt filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). The petition alleged that Ms. Scutt suffered from transverse myelitis as a result of an influenza vaccination. On March 15, 2019, the parties filed a Stipulation, which the previously assigned special master adopted as her Decision awarding compensation on the same day. Decision, ECF No. 33.[3]

On October 2, 2019, petitioner filed an application for attorneys' fees and costs. ECF No.

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] On October 8, 2019, this case was reassigned to me for resolution of attorneys' fees and costs.

36 ("Fees App.").[4] Petitioner requests total attorneys' fees and costs in the amount of $29,681.60 (representing $27,825.10 in fees and $1,840.50 in costs).[5] Fees App. at 6. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her petition. ECF No. 42. Respondent responded to the motion on October 7, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requests that I exercise my discretion and determine a reasonable award for attorneys' fees and costs. Resp. at 2–3 (ECF No. 27). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

---

[4] A decision awarding attorneys' fees and costs initially issued on March 30, 2020; however, it was subsequently withdrawn upon petitioner's filing of a motion to amend/correct the decision. (ECF No. 47.) The motion requested that the award be made payable to petitioner's counsel alone because petitioner is recently deceased. (*Id.*) I granted that motion on April 27, 2020, (ECF No. 49) and now reissue this decision.

[5] In petitioner's original motion, she requested total attorneys' costs of $1,856.50. Fees App. at 7. On March 9, 2019, petitioner filed an updated motion for costs, amending the requested amount of costs to $1,840.50. ECF No. 44.

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

    **a. Hourly Rates**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[6]

Petitioner requests the following rates for the work of her counsel: for Mr. Richard Robbins, $464.00 per hour for all work performed (2015-2019); for Mr. David Turret, $464.00 per hour for all work performed (2016-2019); for Mr. Ira Newman, $464.00 per hour for all work performed (2017-2019); for Mr. Edward Sanocki, Jr., $464.00 per hour for all work performed (2015, 2018); for Mr. Joshua Fogel, $405.00 per hour for all work performed (2015-2018); and for Mr. Carl Tegtmeier, $378.00 per hour for work performed in 2017. Fees App. at 6. Petitioner also requests paralegal rates of $150.00 per hour for all work performed. *Id.* As an initial matter, I note that all work in this case was performed in New York City, New York. Thus, there is no question that counsel are entitled to in-forum rates. The actual rates requested, however, require adjustment.

I shall address the rates for Mr. Robbins, Mr. Turret, Mr. Newman, and Mr. Sanocki simultaneously because their credentials are all similar – they all have 30+ years of experience at all times during the pendency of this matter, which places them in the highest range of experience on the OSM Attorneys' Forum Hourly Rate Fee Schedules, but they are all inexperienced in terms of Vaccine Program litigation. The fact that counsel have all chosen to bill at identical rates in this

---

[6] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

matter further underscores that they are, on the whole, attorneys of roughly similar experience and quality. I shall therefore compensate them at identical rates for this case. The issue with the requested rate of $464.00 per hour is that it represents the highest possible rate an attorney can be awarded in 2019. Such a rate exceeds the maximum awardable rate in all prior years and is excessive for work performed in 2019 in this case because counsel does not have the necessary Vaccine Program experience to be entitled to such a rate.

Based upon all of the relevant *McCulloch* factors, I find the following rates reasonable for the work of Mr. Robbins, Mr. Turret, Mr. Newman, and Mr. Sanocki: $400.00 per hour for work performed in 2015-2016, $410.00 per hour for work performed in 2017, $420.00 per hour for work performed in 2018, and $430.00 per hour for work performed in 2019.

Mr. Joshua Fogel was barred in 2006, giving him approximately 9 years of experience when he began work on this case in 2015. Mr. Fogel does not appear to have any prior Vaccine Program experience. Based upon the *McCulloch* factors, I find the following rates reasonable for Mr. Fogel's work: $280.00 per hour for work performed in 2015, $295.00 per hour for work performed in 2016, $310.00 per hour for work performed in 2017, and $320.00 per hour for work performed in 2018.

Mr. Tegtmeier was barred in 2010, giving him approximately 7 years of experience in 2017, the only year Mr. Tegtmeier billed time in in this case. Mr. Tegtmeier also does not appear to have any prior Vaccine Program experience. Based upon the *McCulloch* factors, the undersigned finds that $280.00 per hour is a reasonable rate for Mr. Tegtmeier.

Concerning the rates requested for paralegal work, I note that $150.00 per hour exceeds the maximum awarded rate for paralegal work in 2015-2017. I will thus compensate paralegal work in 2015-2016 at $145.00 per hour and paralegal work in 2017 at $148.00 per hour.

In sum, application of all these adjusted rates results in a reduction of $3,942.60 from the final award of attorneys' fees.[7]

---

[7] The individual calculations are as follows:

For Mr. Robbins:
2015: ($464.00 per hour requested - $400.00 per hour awarded) * 8.25 hours billed = $528.00.
2016: ($464.00 per hour requested - $400.00 per hour awarded) * 5.5 hours billed = $352.00.
2017: ($464.00 per hour requested - $410.00 per hour awarded) * 16.7 hours billed = $901.80.
2018: ($464.00 per hour requested - $420.00 per hour awarded) * 9.3 hours billed = $409.20.
2019: ($464.00 per hour requested - $430.00 per hour awarded) * 0.75 hours billed = $25.50.

For Mr. Turret:
2016: ($464.00 per hour requested - $400.00 per hour awarded) * 0.75 hours billed = $48.00.
2017: ($464.00 per hour requested - $410.00 per hour awarded) * 1.25 hours billed = $67.50.
2018: ($464.00 per hour requested - $420.00 per hour awarded) * 0.45 hours billed = $19.80.
2019: ($464.00 per hour requested - $430.00 per hour awarded) * 0.95 hours billed = $32.30.

For Mr. Newman:
2017: ($464.00 per hour requested - $410.00 per hour awarded) * 0.5 hours billed = $27.00.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

---

2018: ($464.00 per hour requested - $420.00 per hour awarded) * 0.25 hours billed = $11.00.
2019: ($464.00 per hour requested - $430.00 per hour awarded) * 0.75 hours billed = $25.50.

For Mr. Sanocki:
2015: ($464.00 per hour requested - $400.00 per hour awarded) * 0.75 hours billed = $48.00.
2018: ($464.00 per hour requested - $420.00 per hour awarded) * 0.25 hours billed = $11.00.

For Mr. Fogel:
2015: ($405.00 per hour requested - $280.00 per hour awarded) * 3.75 hours billed = $468.75.
2016: ($405.00 per hour requested - $295.00 per hour awarded) * 2.5 hours billed = $275.00.
2017: ($405.00 per hour requested - $310.00 per hour awarded) * 5.35 hours billed = $508.25.
2018: ($405.00 per hour requested - $320.00 per hour awarded) * 1.45 hours billed = $123.25.

For Mr. Tegtmeier:
2017: ($378.00 per hour requested - $280.00 per hour awarded) * 0.5 hours billed = $49.00.

For Paralegals:
2015-2016: ($150.00 per hour requested - $145.00 per hour awarded) * 1.25 hours billed = $6.25.
2017: ($150.00 per hour requested - $148.00 per hour awarded) * 2.75 hours billed = $5.50.

Upon review, I find the overall hours billed to be slightly excessive and thus warranting reduction. I have noticed numerous minor errors with counsel's billing records for example:

- Mr. Fogel routinely billed attorney rates for paralegal tasks such as filing documents and preparing and redacting records (e.g., entries on 1/6/17, 7/7/17, 12/21/17, 1/26/18, etc.). Some of the time expended on filing documents was excessive.
- Mr. Fogel billed his standard hourly rate to travel to meet with petitioner instead of half of that rate (entry on 3/12/15).
- Certain tasks were billed for by multiple attorneys which has led to excessive time billed (e.g., reviewing a memo on 4/19/17, preparation and filing of a status report on 5/9/18, reviewing the settlement offer on 11/13/18, distribution to client on 8/28/19, etc.). It is unclear as to why a status report would require the work of two highly experienced attorneys, or why review of the settlement offer would require the work of four individuals, two of whom (Mr. Newman and Mr. Sanocki) were not actively involved in the case.

For all of these reasons, the undersigned finds it reasonable to reduce the final award of attorneys' fees by five percent. This results in a reduction of $1,194.13.[8] Petitioner is thus awarded final attorneys' fees of $21,494.25.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,840.50 in attorneys' costs. This amount comprises the cost of obtaining medical records, postage, photocopies, and the Court's filing fee. Petitioner has provided adequate documentation supporting the requested costs and they appear reasonable in my experience. Petitioner is thus entitled to the full amount of attorneys' costs sought.

## II.     Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $27,825.10 |
| (Reduction to Fees) | - ($5,136.73) |
| **Total Attorneys' Fees Awarded** | **$22,688.37** |
| | |
| Attorneys' Costs Requested | $1,840.50 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,840.50** |
| | |

---

[8] ($27,825.10 - $3,942.60 reduced for rates) * 0.05 = $1,194.13.

| **Total Attorneys' Fees and Costs** | **$24,528.87** |
|---|---|

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, I award a lump sum in the amount of $24,528.87, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner's attorneys, Sanocki Newman & Turret, LLP.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[9] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

| **Total Attorneys' Fees and Costs** | **$24,528.87** |
|---|---|

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, I award a lump sum in the amount of $24,528.87, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner's attorneys, Sanocki Newman & Turret, LLP.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[9] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).